[Cite as *In re D.D.*, 2012-Ohio-1122.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

IN RE: D.D. AND S.D.

C.A. Nos.      11CA0031
                        11CA0032

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE Nos.      10-1063-AND
                        10-1064-AND

DECISION AND JOURNAL ENTRY

Dated: March 19, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1}    The trial court awarded Travis D. legal custody of his two children twenty months after they were removed from the home of their mother and step-father and adjudicated abused and neglected. Their mother, Samantha R., appealed the decision. This Court reverses and remands for application of the best interest standard.

BACKGROUND

{¶2}    Holmes County Department of Job and Family Services became involved with D.D. and S.D. in October 2009 when the children were four and five years old. At that time, they were living with their mother and step-father in Holmes County. The Department filed a complaint alleging that both children were neglected, abused, and dependent after police responded to a domestic violence call and found Samantha R.'s husband under the influence of drugs or alcohol and saw illegal drugs within reach of the children. The Department initially

placed the children with their maternal grandmother, Rita M., but later moved them to foster care.

{¶3} Samantha R. and her husband admitted to findings of abuse and neglect, the dependency charges were dropped as to them, and the trial court ordered that temporary custody would remain with the Department. The children's natural father, Travis D., later appeared for an adjudicatory hearing. He admitted to findings of abuse and neglect as to both children, although, according to court records, he had "no connection with the facts or circumstances of the children that led to the charges being filed." The Department retained temporary custody of the children until April 2010, when the trial court granted temporary custody to the father, Travis D., under an order of protective supervision. After finding that all parties were then living in Wayne County, the court transferred the case to the Juvenile Division of the Wayne County Common Pleas Court.

{¶4} In October 2010, Travis D. moved for legal custody. Shortly after that, Samantha R. moved for an emergency transfer of custody. The trial court scheduled both motions for review on January 27, 2011. After several continuances, on March 18, the trial court filed an entry that continued the hearing to June. On June 9, 2011, the trial court called the case for hearing. The children's father was present with his lawyer. Although lawyers for the children's mother and maternal grandmother were present, their clients did not attend the hearing. The court allowed the lawyers a few minutes to try to contact their clients, but neither was successful. Both lawyers moved for a continuance of the hearing, given that they were both surprised by their client's absence, but the trial court denied the continuance and proceeded to hear the motions regarding a change in custody. The court took testimony from a psychologist who had evaluated Samantha R., a counselor who had treated her, a caseworker from Wayne County

Children Services, and the children's guardian ad litem. Following the hearing, the trial court granted legal custody to Travis D., and Samantha R. appealed. The maternal grandmother is not a party to this appeal.

## NOTICE

**{¶5}** Samantha R.'s first assignment of error is that the trial court deprived her of her right to due process by failing to notify her of the hearing on the motion for legal custody. "A written motion . . . and notice of the hearing therefor, shall be served not later than seven days before the time specified for the hearing unless a different period is fixed by rule or order of the court." Juv. R. 18(D). Under the Rules of Juvenile Procedure, if a party is represented by a lawyer, "the service shall be made upon the attorney unless service is ordered by the court upon the party. Service upon the attorney or upon the party shall be made in the manner provided in Civ. R. 5(B)." Juv. R. 20(B). Under Rule 5(B) of the Ohio Rules of Civil Procedure, "[s]ervice upon the attorney or party shall be made by delivering a copy to the person to be served, transmitting it to the office of the person to be served by facsimile transmission, mailing it to the last known address of the person to be served or, if no address is known, leaving it with the clerk of court." "Service by mail is complete upon mailing." Civ. R. 5(B).

**{¶6}** Travis D.'s motion for legal custody includes a proof of service signed by his lawyer, indicating that he served the motion by regular U.S. mail on October 12, 2010, on "Michael J. Ash, Attorney for Mother Samantha [R]." On November 15, the trial court entered a hearing notice indicating that the motion for legal custody would be heard on January 27, 2011, at 9:00 a.m. It indicates that it was sent by regular mail to both Michael Ash and Samantha R. The court's January 18 entry granting a continuance also indicates that it was sent to "Mother's Counsel – Ash" on January 19. The March 2011 entry granting a continuance to June 9, 2011,

also indicates that the clerk sent it by regular mail to both Michael Ash and Samantha R. Furthermore, Mr. Ash appeared for the hearing and told the court that he and Samantha R. had "had frequent phone conversations" and that he believed that "she knew about today's hearing[,]" although he said he could be mistaken about her knowledge regarding the date. He told the court that he had been representing Samantha R. for well over a year and that she had remained in normal contact with him and appeared at every hearing until that day. The trial court denied his request for a continuance and proceeded with the hearing on Travis D.'s motion for legal custody and Samantha R.'s motion for emergency transfer of custody. Despite her absence, her lawyer represented her interests during the hearing.

{¶7}    There is no evidence to support Samantha R.'s due process argument. The record reflects that she had notice, at least through her lawyer as required by the Juvenile Rules, of the date, time, and issues to be considered at the hearing. The court did not deprive her of due process. Samantha R.'s first assignment of error is overruled.

LEGAL CUSTODY STANDARD

{¶8}    Samantha R.'s second assignment of error is that the trial court used the wrong legal standard in determining whether to grant legal custody to Travis D. She has pointed out that the trial court never mentioned whether it would serve the children's best interests to award legal custody to Travis D. Travis D. has argued that the trial court's determination that Samantha R. "is clearly unfit to be a parent" to the children, carries an implicit finding of best interests.

{¶9}    "Following an adjudication of neglect, dependency, or abuse, the juvenile court's determination of whether to place a child in the legal custody of a parent or a relative is based solely on the best interest of the child." *In re D.R.*, 9th Dist. No. 25005, 2010-Ohio-1036, at ¶ 4.

Since legal custody is intended to be permanent, a court is not permitted to "modify or terminate an order granting legal custody of a child unless it finds, based on facts that have arisen since the order was issued or that were unknown to the court at that time, that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child." R.C. 2151.42(B). Although, if a non-parent moves for legal custody against a presumptively fit parent, the trial court must first find "that the parent is unfit and that it is in the best interests of the children to be placed in the legal custody of the non-parent" before granting the motion, "[t]he *Perales* standard does not apply to a legal custody determination following an adjudication that the children are abused, neglected, or dependent." *See In re I.S.,* 9th Dist. No. 24763, 2009-Ohio-6432, at ¶ 9 (citing *In re Perales*, 52 Ohio St. 2d 89 (1977)).

{¶10}  In this case, the trial court granted legal custody to Travis D. after finding that "there has not only been a change in the environment of the child[ren], but mother is clearly unfit to be a parent[.]" There is nothing in the entry indicating that the trial court found that awarding legal custody to Travis D. was in the best interests of the children.

{¶11}  This was not a modification or termination of a legal custody decision. Up until June 9, 2011, the only dispositional orders the trial court had issued involved temporary custody and orders of protective supervision. Therefore, Section 2151.42(B) of the Ohio Revised Code did not apply, and the court did not need to find a change in circumstances in order to award legal custody to a parent. Further, since the determination of legal custody followed an adjudication of abuse and neglect, and pitted one natural parent against the other, the trial court was not required to find that the mother was unfit before awarding legal custody to the father. *See In re I.S.,* 9th Dist. No. 24763, 2009-Ohio-6432, at ¶ 9.

**{¶12}** Before awarding legal custody to a natural parent following an adjudication of abuse and neglect, however, the trial court was required to determine that the award was in the best interests of the children. *See In re D.R.*, 9th Dist. No. 25005, 2010-Ohio-1036, at ¶ 4. Although the court's finding that Samantha R. is "unfit to be a parent" may include an implicit finding that awarding custody to her would not be in the children's best interests, that does not affect whether awarding custody to Travis D. is in the children's best interests. As the trial court evaluated the evidence under the wrong legal standard, we must reverse and remand this matter for the trial court to apply the appropriate legal standard in the first instance. *See In re I.S.,* 9th Dist. No. 24763, 2009-Ohio-6432, at ¶ 8. Samantha R.'s second assignment of error is sustained.

BEST INTERESTS OF THE CHILDREN

**{¶13}** Samantha R.'s third assignment of error is that Travis D. failed to prove that a change of legal custody was in the children's best interests. Our disposition of her second assignment of error renders this assignment moot, and it is overruled on that basis. See App. R. 12(A)(1)(c).

CONCLUSION

**{¶14}** Samantha R.'s first assignment of error is overruled because she had notice of the June 9, 2011, custody hearing. Her second assignment of error is sustained because the trial court used the wrong legal standard to evaluate the evidence at the custody hearing. The judgment of the Juvenile Division of the Wayne County Common Pleas Court is reversed, and the cause is remanded for proceedings consistent with this opinion.

> Judgment reversed,
> and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

---

CLAIR E. DICKINSON
FOR THE COURT


WHITMORE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

CONRAD G. OLSON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and LATECIA E. WILES, Assistant Prosecuting Attorney, for Appellee.

WILLIAM D. LANDERS, Attorney at Law, for Appellee.

RUSSELL BUZZELLI, Attorney at Law, for Appellee.

DAVID HUNTER, Guardian ad Litem.